FILED

APR 13 2007
4-13-07

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KIMBERLY WASILEWSKI, | ) |
| | ) 07CV2045 |
| Plaintiff, | ) JUDGE MANNING |
| | ) MAGISTRATE JUDGE MASON |
| v. | ) |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, | ) |
| INC., an Ohio corporation, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

Plaintiff Kimberly Wasilewski, by her attorney, Jason G. Shanfield, brings this Verified Complaint to secure redress for the unlawful conduct of defendant National Enterprise Systems, Inc. ("NES"), and states the following in support of her complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Kimberly Wasilewski is an individual residing in Streamwood, Illinois.

2. Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue is a credit card bill incurred for personal, family, or household purposes, namely for the purchase of a television set.

3. Defendant NES is an Ohio corporation that maintains a registered agent for purposes of accepting service of process at 208 South LaSalle Street, Chicago, Illinois.

4. Defendant NES is a debt collector within the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5. This Court has federal question subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO ALL CLAIMS

### PLAINTIFF'S FRIEND'S BEST BUY ACCOUNT

8.     On July 27, 2002, Edward Henao, Plaintiff's boyfriend, purchased a television set and related accessories from a Best Buy store in Schaumburg, Illinois for $3,429.11.

9.     Edward Henao obtained a Best Buy brand credit card from Household Bank, NA for the purpose of financing the purchase and charged the total $3,429.11 purchase price to that card.

10.     Continuing through August 2006, Edward Henao and Plaintiff made timely payments of more than $5,390.00 toward Edward Henao's Best Buy account.

11.     The Best Buy account was obtained by Edward Henao in his own name. At no time was Plaintiff an obligor on that account nor did she have any liability for its payment.

### NES' PERSISTENT HARASSMENT OF KIMBERLY WASILEWSKI

### THE FEBRUARY 2, 2007 TELEPHONE CALL

12.     On the afternoon of February 2, 2007, Kimberly Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Charles Jackson."

13.     As is common in the debt collection industry, "Charles Jackson" may be a fictitious "desk name" utilized to conceal this person's true identity.

2

14. Mr. Jackson asked to speak with Edward Hanao, Plaintiff's friend and roommate, in response to which Ms. Wasilewski stated that Edward Henao was unavailable and asked what Mr. Jackson's call was regarding.

15. Mr. Jackson stated to Ms. Wasilewski that a "case" had been "filed" in his office by Citibank for an allegedly delinquent Best Buy account in the amount of $3,669.70 and demanded that Plaintiff pay the debt herself by providing her bank account routing code and account number or post-dated checks.

16. Ms. Wasilewski disputed that Edward Henao owed $3,669.70 on the account, refused to pay that amount, and informed Mr. Jackson that timely payments of at least $5,390 had already been made on the account.

17. Mr. Jackson refused to acknowledge Ms. Wasilewki's dispute and repeated his demand that she pay the alleged debt herself by providing her own checking account information or post-dated checks.

18. Ms. Wasilewski informed Mr. Jackson that she refused to pay the alleged debt, to which Mr. Jackson responded that Ms. Wasilewski or Mr. Henao must pay the account by the end of February 2007 "or else."

19. Mr. Jackson then provided NES' toll free telephone number and a "case number" for the "case" "filed" in his office by Citibank against Edward Henao – 5208858-IL.

20. On information and belief, the number 5208858, without the "-IL" suffix, is an internal account number assigned by NES or some other entity to the alleged debt.

21. Providing a "case number," demanding immediate payment, and referring to a "case" "filed" in his office in this manner was calculated to create a false sense of urgency and

the false belief in Ms. Wasilewski that Mr. Jackson was calling from an attorney's office and that civil litigation had been commenced against Mr. Henao or Ms. Wasilewski.

22.     This was Ms. Wasilewski's first contact with NES. As such, NES was required, but failed, to provide the notice required by 15 U.S.C. § 1692e(11).

## THE FEBRUARY 6, 2007 TELEPHONE CALL

23.     On February 6, 2007, Kimberly Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying herself as "Marie Harris."

24.     As is common in the debt collection industry, "Marie Harris" may be a fictitious "desk name" utilized to conceal this person's true identity.

25.     Ms. Harris asked to speak with Edward Henao, to which Ms. Wasilewski responded that Mr. Henao was not available and asked to take a message.

26.     Ms. Harris requested that Edward Henao call (800) 204-1819, ext. 1482 regarding a "personal legal matter."

27.     In the context of repeated demands by NES that Ms. Wasilewski pay Mr. Henao's debt, Harris' reference to a "legal" matter involving Edward Henao was intended to create the false belief that Harris was calling from an attorney's office, that civil litigation had been commenced against Mr. Henao, and that Ms. Wasilewski was responsible for paying the alleged debt.

## THE FEBRUARY 14, 2007 TELEPHONE CALLS

28.     On February 14, 2007, Kimberly Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Mike Price."

4

29.     As is common in the debt collection industry, "Mike Price" may be a fictitious "desk name" utilized to conceal this person's true identity.

30.     Mr. Price asked to speak with Mr. Henao, to which Ms. Wasilewski responded that Mr. Henao was not available and asked to take a message.

31.     Mr. Price then asked, "is this Kimberly?"

32.     Ms. Wasilewski identified herself and asked the purpose of Mr. Price's call.

33.     Price stated that there was a "case" "filed" in his office against Edward Henao and that Edward needed to pay $3,669.70 immediately because Sears was suing him.

34.     Mr. Wasilewski informed Price that Mr. Henao never had a Sears account, to which Mr. Price stated the creditor in the cased filed against Mr. Henao was Sears or "so and so" and that Price worked with a lot of creditors.

35.     Mr. Price then demanded that Ms. Wasilewski provide him with Mr. Henao's work telephone number.

36.     Ms. Wasilewski refused to do so and informing Mr. Price that Mr. Henao was not to receive calls at work.

37.     Price demanded that Ms. Wasilewski or Mr. Henao pay the NES bill immediately and demanded that Plaintiff provide two post-dated checks each in the amount of $1,890.00.

38.     Price threatened that if he did not receive payment from Ms. Wasilewski or Henao, Henao would "suffer the consequences," that suit was already filed, and that Henao would have "tons of legal problems." Mr. Price went on to state that he was the supervisor in his office in charge of the "case" and would personally do whatever it took to proceed.

39.     Ms. Wasilewski then disputed the account and requested that Mr. Price look at the account history to determine if payments of more than $5,390 had been properly credited.

5

40. Price placed Ms. Wasilewski on hold for 5 minutes, after which time the call was terminated from NES' end of the line.

41. Following the disconnection, Price immediately telephoned Ms. Wasilewski on her cellular telephone number again demanding that Ms. Wasilewski or Mr. Henao pay the alleged debt immediately.

42. In the interim between being disconnected and receiving the telephone call described in the immediately preceding paragraph, Mr. Price left a message on Ms. Wasilewski's voicemail at work, stating, among other things, that "we have to get this sent out of the office if we hear from you or not to get this represented. ..."

43. The representation that "we have to get this sent out of the office if we hear from you or not to get this represented" was intended to create a false sense of urgency and the false belief that Price was calling from an attorney's office and/or that civil litigation had been commenced against Mr. Henao or Ms. Wasilewski.

## THE FEBRUARY 19, 2007 TELEPHONE CALL

44. On February 19, 2007, Kimberly Wasilewski received a call on her cellular telephone from an unknown telephone number from a person identifying himself as "Mike King."

45. As is common in the debt collection industry, "Mike King" may be a fictitious "desk name" utilized to conceal this person's true identity.

46. Ms. Wasilewski believes from recognizing his voice that Mr. King and Mr. Price are the same person.

47. Mr. King stated to Plaintiff, among other things, that Ms. Wasilewski could "settle" the Best Buy account herself by paying $2,950.

6

48.     Mr. King then threatened that if Ms. Wasilewski did not provide immediate payment or post-dated checks, a "judgment would go out the next morning," Edward Henao's wages would be garnished, and there is nothing Mr. Henao would be able to do to stop it.

49.     Mr. King then stated that he is a supervisor at NES, creating in Ms. Wasilewski the intended belief that Mr. King, like Mr. Jackson, was also in charge of the "case" and would personally do whatever it took to proceed.

50.     When Ms. Wasilewski disputed that she or Mr. Henao owed the amounts demanded, King continued to demand Ms. Wasilewski immediately pay the alleged debt herself by providing her checking account information.

51.     Mr. King then stated "judgment is granted" and "Edward's wages will be garnished," and hung up the telephone.

## COUNT I – VIOLATIONS OF 15 U.S.C. § 1692e

52.     Plaintiff incorporates paragraphs 1 through 51.

53.     Defendant's conduct in, among other things, demanding that Ms. Wasilewski pay Mr. Henao's alleged debt immediately, falsely threatening to sue and representing that a lawsuit had been filed against Mr. Henao, falsely threatening the garnish Mr. Henao's wages if Plaintiff did not pay his alleged debt, creating a false sense of urgency through these threats, representing that NES is a law firm, and failing to provide the notice required by 15 U.S.C. 1692e(11) in its initial communication with Plaintiff violated 15 U.S.C. §§ 1692d(5), 1692e(2), e(3), e(4), e(5), e(10), and e(11).

54.     As a direct and proximate result of Defendant's violations, Ms. Wasilewski has suffered panic, anxiety, emotional distress, fear, humiliation, frustration, feelings of anguish, headaches, vomiting, and other physical manifestations of distress.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Kimberly Wasilewski and against Defendant National Enterprise Systems, Inc. for:

      a.     Actual damages in an amount to be proven at trial;

      b.     Statutory damages under 15 U.S.C. § 1692k.

      c.     Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

      d.     Such other and further relief as the Court deems appropriate.

## COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

55.     Plaintiff incorporates paragraphs 1 through 51.

56.     Defendant intentionally interfered with Plaintiff's solitude, seclusion, and private affairs by engaging in the highly offensive conduct described above in attempting to collect a debt from Plaintiff that she did not owe.

57.     Plaintiff had a reasonable expectation to be free of Defendant's highly offensive intrusion into her private affairs, solitude, and seclusion.

58.     A reasonable person in Plaintiff's position would find Defendant's aggressive demands for payment and other conduct as described above, including repeated false threats to garnish Plaintiff's boyfriend's wages and proceed with a non-existent collection lawsuit if Plaintiff did not pay the alleged debt herself, highly offensive.

59.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered repeated intrusions upon her personal seclusion, as well as panic, anxiety, emotional distress, fear, humiliation, frustration, feelings of anguish, headaches, vomiting, and other physical manifestations of distress.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Kimberly Wasilewski and against Defendant National Enterprise Systems, Inc. for:

    a.      Actual damages in an amount to be proven at trial;

    b.      Litigation expenses and costs; and

    c.      Such other and further relief as the Court deems appropriate.

KIMBERLY WASILEWSKI

_____
One of her attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

9

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KIMBERLY WASILEWSKI, )
)
      Plaintiff, )
)   No.
   v. )
)
NATIONAL ENTERPRISE SYSTEMS, )
INC., an Ohio corporation, )   JURY TRIAL DEMANDED
)
      Defendant. )

## **VERIFICATION**

    Plaintiff Kimberly Wasilewski, on oath duly sworn, declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that if sworn as a witness in this matter, she would competently testify to the following based upon personal knowledge

    1.    I am a Plaintiff in this civil proceeding.

    2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

    3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

    4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

    5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                       Respectfully Submitted,

                       *Kimberly Wasilewski*
                       Kimberly Wasilewski

Signed this 12th day of April, 2007 at Streamwood, Illinois